# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

589
CA 11-01870
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, AND LINDLEY, JJ.

JEREMY S. GNADE, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SUNBURST OPTICS, INC., DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

WHITEMAN, OSTERMAN & HANNA LLP, ALBANY (WILLIAM S. NOLAN OF COUNSEL),
FOR DEFENDANT-APPELLANT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (LAURENCE F. SOVIK OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County
(Brian F. DeJoseph, J.), entered July 8, 2011 in a breach of contract
action. The judgment awarded plaintiff the sum of $107,627 plus
interest, against defendant.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by reducing the amount of the award to
$34,156, plus interest commencing April 15, 2010 and as modified the
judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for,
inter alia, defendant's alleged breach of contract. According to
plaintiff, defendant breached section 3.5 of the "Buy-Sell Agreement"
(hereafter, Agreement), which entitled plaintiff, as a shareholder of
defendant, to periodic cash distributions from the corporation
sufficient to satisfy his federal and state tax liability on corporate
income. Supreme Court granted in part plaintiff's motion for partial
summary judgment on the cause of action alleging a breach of the
Agreement and determined that plaintiff was entitled to judgment in
the amount of $107,627, plus interest. Defendant appeals from a
judgment awarding plaintiff that amount.

We agree with defendant that the amount awarded to plaintiff must
be reduced. Section 3.5 of the Agreement, titled "Distributions to
Pay Federal and State Income Taxes," provides that, "[s]o long as
[defendant] is an S-Corporation for federal income tax purposes, [it]
shall declare and pay cash distributions to the [s]hareholders (a) on
or within [15] days prior to each April 15, June 15, September 15 and
January 15, in an amount in each instance equal to one[ ]fourth of the
federal and state income tax liabilities on [defendant's] income
incurred for the immediately preceding fiscal year, and (b) on or

within [15] days prior to April 15 of each year, in an amount, if any, sufficient to pay each [s]hareholder's federal and state income tax liability on [defendant's] income for the immediately preceding fiscal year, less the amount of the four previous distributions paid to the [s]hareholders pursuant to clause (a) above. For purposes of these computations, each [s]hareholder shall be presumed to be subject to the highest federal and applicable state income tax rates imposed on individuals who are not married." The "immediately preceding fiscal year" at issue here is 2009.

In support of his motion, plaintiff submitted an affidavit and the supporting calculations of a certified public accountant, which established that plaintiff's 2009 taxable income as a shareholder of defendant was $188,163 and that his total federal and state tax liability for his shareholder income was $82,628. Thus, under the plain language of the Agreement, plaintiff was entitled to a sum that satisfied his tax liability in the amount of $82,628. It is undisputed that defendant paid plaintiff $48,472 of that amount. Thus, plaintiff should have been awarded a sum of $34,156, plus interest, and we therefore modify the judgment accordingly. We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered: April 27, 2012                    Frances E. Cafarell
                                           Clerk of the Court